

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| DAVID INABINET,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 5:18-00614-MGL |
| ERIN THOMAS,<br>　　　　Defendant. | §<br>§<br>§<br>§ | |

**AMENDED MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

**I.    INTRODUCTION**

This is a personal injury action. Pending before the Court is Plaintiff David Inabinet's motion to remand this case to the Court of Common Pleas for Orangeburg County, South Carolina. Having considered the motion, the response, the reply, the record, and the applicable law, the Court will grant the motion.

**II.   FACTUAL AND PROCEDURAL HISTORY**

Inabinet alleges he was injured in a motor vehicle accident caused by Defendant Erin Thomas's negligent driving. He filed this personal injury action in the Court of Common Pleas for Orangeburg County, South Carolina. The complaint prayed for an unspecified amount of actual and punitive damages, as well as costs and other relief deemed appropriate by the Court.

After Thomas filed her answer denying liability, she served four requests to admit on Inabinet seeking to determine whether the amount in controversy exceeded $75,000.00. Inabinet responded to the requests and admitted "[his] civil damages arising from the incident, . . . including, but not limited to actual damages and punitive damages do not exceed" $75,000.00; however, he also noted "[he] is continuing to incur damages as a result of this accident." Plaintiff's Responses to Defendant's Requests for Admission ¶ 1. Because, according to Inabinet, he is at this date unable to determine his total damages, he refused to expressly disclaim any interest or right of recovery in excess of $75,000.00 and further declined to accept a remittitur in the event of an award greater than $75,000.00.

Thomas filed her notice of removal pursuant to 28 U.S.C. § 1446 on the basis of complete diversity of citizenship between the parties, 28 U.S.C. § 1332(a). Inabinet countered by filing his motion to remand; Thomas filed her response in opposition; and Inabinet subsequently filed his reply. The Court, having been fully briefed on the relevant issues, is now prepared to decide the motion on the merits.

### III. STANDARD OF REVIEW

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions under 28 U.S.C. § 1332. Neither party alleges the existence of a federal question, so if this case is removable at all, it must be under the diversity statute. Complete diversity exists where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

Under Fourth Circuit law, "it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).

Notably, the Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Therefore, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

## IV. CONTENTIONS OF THE PARTIES

Inabinet contends this action belongs not in this Court but in South Carolina state court. He argues his response to Thomas's first request to admit stipulates to an amount in controversy less than $75,000.00 at the time Thomas removed the case to federal court, and as such, his motion should be granted. Inabinet further asserts, even if the Court holds his response to the requests to admit are inconclusive, Thomas failed to provide sufficient evidence the jurisdictional amount exceeded the required threshold at the time of removal.

In opposing the motion to remand, Thomas states this action is properly in federal court. In support of her argument, she claims Inabinet's answers concerning damages in three of the four requests to admit implies Inabinet intends to seek damages in excess of $75,000.00. Therefore, Thomas maintains, Inabinet's motion should be denied.

## V. DISCUSSION AND ANALYSIS

According to the record, the parties are residents and citizens of different states. Notice of Removal ¶ 9. Thus, the critical determination before the Court is whether removal was proper on the basis of the amount in controversy.

Inabinet argues his response to Thomas's first request to admit demonstrates his claim, as currently constituted, falls below the jurisdictional amount necessary for removal. Thomas, however, claims Inabinet's other responses to her requests to admit, which include refusals to limit his damages or right of recovery to less than $75,000.00, entitles her to seek removal now.

The Fourth Circuit has held "[w]hen a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). It is equally true, however, once Inabinet contested Thomas's allegation, Thomas was required by 28 U.S.C. § 1446(c)(2)(B) to prove by preponderance of the evidence the amount in controversy exceeds the jurisdictional amount. *Id.* ("removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.)

Crucially, "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or

the amount in controversy." *Porsche Cars N. Am. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). The relevant inquiry, then, is whether the actual amount in controversy more likely than not exceeded $75,000.00 at the time of removal. Any doubt regarding the amount in controversy requires "both sides submit proof and the court [then] decides . . . whether the amount in controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 550. The Court determines this requirement is unsatisfied.

Here, the evidence before the Court shows Inabinet's damages failed to exceed the jurisdictional amount at the time of removal. Furthermore, Thomas's attempt to construe Inabinet's reluctance to limit his future damages as an admission his claim was worth more than the jurisdictional amount at the time of removal is similarly unavailing. Thomas can point to no controlling law to support her contentions on this point. Accordingly, the Court lacks jurisdiction over this case, and remand is warranted. *See Bell v. Qwest Commc'ns Int'l, Inc.*, No. 8:11-cv-00037, 2011 WL 2601566 (D.S.C. June 30, 2011) (remanding case in a similar posture).

The Court notes Thomas may seek to remove this case in the future pursuant to 28 U.S.C. § 1446(b) if she is served with "a copy of an amended pleading, motion, order or other paper" from which it may be determined the case has since become removable. *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (emphasis omitted) (observing the "belated creation of a ground for federal jurisdiction is certainly one circumstance in which later removal may be permitted"). Thomas, however, should also be mindful the statute prohibits removal more than one year after commencement of the action. 28 U.S.C. § 1446(c).

Until Inabinet offers evidence the jurisdictional requisite is met or Thomas discovers it, however, the case must be assessed according to the record, and the record evidences the worth of Inabinet's claim is less than the jurisdictional amount required to keep the case in federal court.

Though the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c), it declines to do so. The Court concludes Thomas possessed an objectively reasonable basis for seeking removal and, therefore, fees should be denied. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists, fees should be denied."). Consequently, each party shall bear their own costs and expenses.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Inabinet's motion to remand is **GRANTED**; and his request for costs and expenses is **DENIED.**

**IT IS SO ORDERED**.

Signed this 16th day of October, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
